**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **Case No. 97 CR 670** |
| v. | **Judge Harry D. Leinenweber** |
| **RUBEN HUGHES,** | |
| Defendant. | |

# ORDER

Petitioner Ruben Hughes' ("Hughes") Motion for Relief under 18 U.S.C. § 2582(c)(2) [ECF No. 216] is granted. The Court hereby adjusts Hughes' term of imprisonment from life to 360 months while leaving intact all other conditions of his criminal judgment.

# STATEMENT

The parties agree that, as applied retroactively, Amendment 782 to the Sentencing Guidelines lowers the sentencing range for Hughes's offense from life to no more than life and no less than 360 months. *See,* ECF No. 223 at 12-13 (Govt's Resp. Br.); ECF No. 234 at 1-2 (Pet'r's Reply Br.). Based on his eligibility for relief, Hughes asks the Court to resentence him to the minimum sentence available, 360 months or 30 years. *See,* 18 U.S.C. App. § 1B1.10 (stipulating that except under circumstances not present in this case, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range"); *Dillon v. United States,* 560 U.S. 817, 819 (2010) (upholding the mandatory nature of the limit in

sentence reduction). The Government, on the other hand, requests that, if the Court chooses to reduce Hughes's sentence, it does not do so to less than 40 years. *See,* ECF No. 223 at 2.

In determining whether it should lower the Petitioner's incarceration term and if so, by how much, the Court consults 18 U.S.C. § 3553(a). *See,* 18 U.S.C. 3582(c) (providing that the court may reduce the term of imprisonment for an eligible prisoner "after considering the factors set forth in section 3553(a)"); *Dillon,* 560 U.S. at 827. This section of the penal code obliges the Court to "impose a sentence sufficient, but not greater than necessary" to punish the offender, deter his future criminal activities (*i.e.,* provide specific deterrence), and discourage other would-be offenders (*i.e.,* supply specific deterrence). *See,* 18 U.S.C. § 3553(a). It also specifies that the Court shall consider the policy statements of the Sentencing Commission. *See, id.* Pursuant to the relevant policy statement, the Court takes account of the Petitioner's post-sentencing conduct in assessing his request for a sentence reduction. *See,* 18 U.S.C. app. § 1B1.10.

Following this standard, the Court first decides that it should reduce Hughes's sentence. In so doing, it simultaneously notes the discretionary nature of the reduction and the fact that of the 485 motions seeking retroactive application of Amendment 782 in the Northern District of Illinois, 483 have been granted. *See, United States v. Cunningham,* 554 F.3d 703, 707 (7th Cir. 2009); U.S. Sentencing Commission, *2014 Drug Guidelines Amendment Retroactivity Data Report*, Table 1 (Jan. 2017), available at *http://www.ussc.gov/ sites/default/files/pdf/research-and-publications/ retroactivity-analyses/drug-guidelines-amendment/20170130-*

*Drug-Retro-Analysis.pdf*.  Hughes's crime – distribution of at least 11 kilograms of crack cocaine – is certainly serious but not so heinous that the Court cannot imagine a more severe drug crime that deserves a heavier penalty.  *See, United States v. Hughes,* 384 F. App'x 509, 511 (7th Cir. 2010) (affirming this Court's finding as the drug quantity).  The Court thus reduces Hughes's sentence both because it does not believe that he deserves a punishment at the very top of today's Guidelines and because it wishes to reserve as marginal deterrence that most severe penalty for those who contemplate committing even worse crimes than Hughes.

The Court next decides that it should reduce the Petitioner's sentence to the 30 years he requests.  The Government contends that Hughes should receive at least 10 more years because he had a leadership role in the drug trafficking ring, because he used the people closest to him, including his father and girlfriend, to run the operation, and because he likely procured perjured testimonies to reduce his culpability for being a felon in possession of a firearm.  *See*, ECF No. 223 at 18-23.  While none of these things put Hughes in a favorable light, the Court notes that, insofar as they justify a longer sentence, they do so primarily on the grounds of punishment, not deterrence.  Although retribution is undoubtedly a legitimate social end served by incarceration, *see,* 18 U.S.C. 3553(a)(2)(A)(providing that the sentence imposed should "provide just punishment for the offense"), the Court believes that 30 years behind bars is punishment enough.  Thirty years is a long time for a person who went into prison a young man and will emerge from it a middle-age convict with more time spent behind bars than beyond them.

The Court also thinks that a 30-year sentence is sufficient for purposes of both general and specific deterrence. If somebody is not chastened by the prospect of 30 years in prison, then it is unlikely that he will be deterred by an added ten. *See,* U.S. Department of Justice, *National Institute Five Things About Deterrence,* (May 2016), available at *https://www.ncjrs.gov/pdffiles1/nij/247350.pdf* (stating that based on the current state of theory and empirical knowledge, "prison sentences (particularly long sentences) are unlikely to deter future crime"). As such, whatever impact the Court has on the behavior of would-be criminals is unlikely to be diminished by the current decision. *See, id.* (explaining that "criminals know little about the sanctions for specific crimes"). This is especially true in light of the fact that the Court retains the power to sentence somebody to a longer than 30-year term should the circumstances warrant it.

As for deterring Hughes himself from criminal activities, the Court is cautiously optimistic that Hughes will not reoffend upon release for the following reasons. First, Hughes will leave prison at the age of 55, long past the peak age of criminality. *See, id.* (stating that "data show a steep decline [in criminal activities] at about age 35"). Second, as suggested by the letters that his sons wrote in support of his petition, Hughes has maintained ties to his family. The Court hopes that this means Hughes will have the support he needs to reintegrate into society as well as a reason to stay out of trouble. Third, Hughes' post-sentencing record, while not perfect, does not seem to indicate that he is prone to violence or is unable to follow rules. In the 18 years that Hughes has been in prison, he has accrued eight disciplinary write-ups, as balanced against 700 completed hours of

programming intended to give him the skills to live in the outside world.  Given this record, the Court is relatively persuaded that Hughes has the wherewithal to make something of his life once released.

For the reasons stated therein, the Court modifies Hughes' sentence from life to 360 months.

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: May 16, 2017